## JOSEPH BECK & SONS v. TYNBERG.

(Supreme Court, Appellate Division, First Department. November 1, 1912.)

PLEADING (§ 323*)—BILL OF PARTICULARS—PROOF.

> Where an order requiring a bill of particulars stated that, if as to any matters the plaintiff had no knowledge or information, a statement to that effect should be incorporated in the bill, the plaintiff could properly introduce testimony upon an item of the bill to which the reply was that it had no knowledge or information sufficient to give the information there required.

> [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 976–979; Dec. Dig. § 323.*]

Appeal from Special Term, New York County.

Action by Joseph Beck & Sons against Sigmund Tynberg. From an order granting a motion to preclude plaintiff from giving evidence as to matters set forth in a paragraph of a bill of particulars, plaintiff appeals. Order reversed, and motion denied.

See, also, 150 App. Div. 926, 135 N. Y. Supp. 1120.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Julian A. Leve, of New York City, for appellant.
Samuel P. Goldman, of New York City, for respondent.

PER CURIAM. The order requiring a bill of particulars stated that, if as to any of these matters the plaintiff has no knowledge or information, a statement to that effect be incorporated in said bill of particulars. In answer to the demand contained in paragraph 4, the plaintiff stated that it had no knowledge or information sufficient to enable it to give the information there required, and therefore, as the plaintiff complied with the terms of the order requiring a bill of particulars in that regard, the court below should not have precluded it from offering proof in relation thereto.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.